CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and COOPER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class JACOB E. SINGLETARY**
**United States Army, Appellant**

ARMY 20220506

Headquarters, U.S. Army Alaska
Larry A Babin, Jr., and Matthew S. Fitzgerald, Military Judges
Colonel Susan K. McConnell, Staff Judge Advocate (pretrial and trial)
Colonel William D. Smoot, Staff Judge Advocate (post-trial)

For Appellant: Colonel Philip M. Staten, JA; Major Robert W. Rodriguez, JA; Captain Justin L. Watkins, JA (on brief and reply brief).

For Appellee: Colonel Christopher B. Burgess, JA; Major Chase C. Cleveland, JA; Captain Anthony J. Scarpati, JA (on brief).

23 August 2024

----------------------------------
SUMMARY DISPOSITION
----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

COOPER, Judge:

We note several errors in the post-trial documents of this case that warrant discussion and modification to the sentence. On consideration of the entire record, including consideration of the issues personally raised by appellant, we hold the findings of guilty and the modified sentence are correct in law and fact.[1]

---

[1] Appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), argues his trial defense counsel were ineffective in failing to ask for a continuance, investigate, or present evidence to contradict a government rebuttal witness's testimony challenging the credibility of appellant's testimony on a collateral matter. We decline to order counsel to submit affidavits as we can discern from the record

(continued . . .)

## BACKGROUND

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of four specifications of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. § 920b (2019) [UCMJ]. On 8 October 2022, the military judge sentenced appellant to a dishonorable discharge, confinement for sixty-six months, reduction to the grade of E-1, and forfeiture of all pay and allowances.

On 18 October 2022, appellant submitted matters for the convening authority to review pursuant to Rule for Courts-Martial [R.C.M.] 1106. In his submission, appellant requested the convening authority "defer adjudged forfeitures until entry of judgment," defer automatic forfeitures until entry of judgment, and then waive automatic forfeitures for an additional six months, pursuant to R.C.M. 1103(a) and (h), respectively.

Deferments of adjudged and automatic forfeitures were both granted, running from 22 October 2022, two weeks after the sentence was announced, until entry of judgment. The convening authority also waived automatic forfeitures, beginning on 8 October 2022. The convening authority approved "only so much of the sentence. . . extending to confinement for 66 months, reduction to the grade of E-1, and a dishonorable discharge."

On 3 November 2022, the military judge entered judgment. The court characterized the action taken by the convening authority as such:

> Request for deferment of adjudged forfeitures approved, started on 22 OCT 2022, terminated upon entry of judgment.
> Request for deferment of automatic forfeitures approved, started on 22 OCT 22, terminated upon entry of judgment.
> Request for waiver of automatic and adjudged forfeitures approved, upon entry of judgment, automatic and adjuded [sic] forfeitures in the amount of all pay and allowances pay per month were waived for a period of 180 days . . . .

## LAW AND DISCUSSION

This court has a responsibility to only affirm those findings and sentence that are correct in law and fact pursuant to Article 66(d)(1), UCMJ (2019 ed.). When the

---

(. . . continued)
that defense counsel's performance was not deficient. It was a reasonable tactical decision not to request a continuance in the middle of trial to further investigate. Furthermore, we find no prejudice arose to appellant as a result of this matter.

intent of the convening authority is clear, "judicial economy permits us to cure [errors in the convening authority action], rather than burdening SJAs and convening authorities with execution and review of new actions to cure trivial errors." *United States v. Hertel*, 2021 CCA LEXIS 112, at *4-5 (Army Ct. Crim. App. 15 Mar. 2021) (summ. disp.) (internal citations and quotations omitted).

There are several errors in the post-trial documents of this case. First, the convening authority purported to waive automatic forfeitures for a period of 180 days, starting on 8 October 2022, but then deferred those same automatic forfeitures, with the deferment starting on 22 October 2022 and terminating upon entry of judgment, on 3 November 2022. Terms of deferment and waiver cannot overlap, "because once deferred, there are no forfeitures to waive." *United States v. Finklea*, 2003 CCA LEXIS 340, at *6 (Army Ct. Crim. App. 26 Feb. 2023) (mem. op.).

Second, the convening authority "approved" only so much of the sentence extending to the adjudged confinement, grade reduction, and dishonorable discharge. This was done, presumably, in an attempt to disapprove the adjudged forfeitures. Regardless, in accordance with R.C.M. 1109, in this court-martial, the convening authority had no ability to either approve or disapprove any portion of the sentence. The convening authority only had the power to reduce, commute, or suspend, in whole or in part, certain portions of the sentence—the adjudged forfeitures and the reduction.

Third, the Judgment of the Court indicates the convening authority waived automatic *and* adjudged forfeitures for the benefit of a dependent. Not only did the convening authority not waive adjudged forfeitures, the convening authority lacked the authority to do so.

Accordingly, we now find that judicial economy permits us to cure these errors, while effectuating the convening authority's intent.

## CONCLUSION

On consideration of the entire record, the findings of guilty are AFFIRMED. We AFFIRM[2] only so much of the sentence that provides for a dishonorable discharge, confinement for sixty-six months, and reduction to the grade of E-1. In accordance with R.C.M. 1111, we order that the "Judgment of the Court" be modified to reflect the approved deferments of adjudged and automatic forfeitures, terminated upon entry of judgment, and the automatic forfeitures are waived for 180 days, starting on the date of entry of judgment.

---

[2] Corrected.

Senior Judge FLEMING and Judge PENLAND concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court